IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID ELLIS and REBECCA ELLIS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:11-CV-049 |
| | § | |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. as successor to JP MORGAN CHASE BANK, N.A. as Trustee for RAMP 2004RS10, and GMAC MORTGAGE, LLC, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are "Defendants' Rule 12(c) Motion for Judgment on the Pleadings" filed on August 31, 2011 (Dkt. #25); "Defendants' Motion to Compel" filed on October 19, 2011 (Dkt. #26); and "Defendants' Motion for Summary Judgment" filed on November 18, 2011 (Dkt. #27). Plaintiffs have failed to respond to these motions. Upon consideration of Defendants' motions and the applicable law, Defendants' Motion for Judgment on the Pleadings is **GRANTED** for the reasons set out below, and all other motions are **DENIED AS MOOT**.

**I. BACKGROUND**

Plaintiffs David and Rebecca Ellis bring this suit against The Bank of New York Mellon Trust Company, N.A., ("Bank of New York") as successor to JP Morgan Chase Bank, N.A., as Trustee for RAMP 2004RS10 and GMAC Mortgage, LLC (collectively, "Defendants"). Plaintiffs filed their complaint (Dkt. #5) in the 380th Judicial District Court of Collin County, Texas, on August 3, 2010. Defendants then timely removed the case to this court on February 2, 2011,

pursuant to 28 U.S.C. § 1331 and § 1332(a). *See* Dkt. #1. In their complaint, Plaintiffs assert that they entered into a loan transaction with Homecomings Financial, LLC ("Homecomings") on May 9, 2008. Compl. 2, ¶ 4. Plaintiffs were the makers of a note in the amount of $187,000, payable to Homecomings as the lender. *Id*.[1] As security for payment of the note, Plaintiffs also executed a deed of trust for the benefit of Homecomings. *Id*. As best as the court can gather from the complaint, the deed of trust was later assigned to Bank of New York, though Plaintiffs argue that the documentary chain of assignment is deficient. *Id*. Without providing the court with information regarding the status of Plaintiffs' loan payments, it seems that Plaintiffs allege that Bank of New York, purporting to be the mortgagee, filed a Notice of Substitute Trustee's sale. Plaintiffs now seek to recover damages and injunctive relief from Defendants due to alleged violations of the Texas Debt Collections Practices Act ("TDCPA") and the Texas Deceptive Trade Practices Act ("DTPA"), as well as alleged negligent misrepresentation, wrongful foreclosure, and void deed. *Id*. at 2–5, ¶¶ 5–13.

## II. DISCUSSION

**A. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(c), any party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c). Motions for judgment on the pleadings are "subject to the same standard as a motion to dismiss under 12(b)(6). Thus, the inquiry focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009). "To survive a Rule 12(c) motion, a complaint

---

[1]Defendants dispute the date and amount of the loan transaction. They assert that the loan was executed on September 3, 2004, in the amount of $184,370.00. *See* Dkt. #27, at 2 n.1.

must allege 'sufficient factual matter, accepted as true, to state a claim that is plausible on its face.'" *Hole v. Tex. A&M Univ.*, 360 Fed. App'x 571, 573 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and state a claim "plausible on its face." *Id.* at 570. Facial plausibility is achieved "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

## B. ANALYSIS

Defendants request that the court grant their motion for judgment on the pleadings because Plaintiffs' "conclusory allegations" are not supported by sufficient factual allegations that would survive a Rule 12(c) motion. *See* Dkt. #25. As stated above, Plaintiffs have failed to file a response to Defendants' motion for judgment on the pleadings. Therefore, pursuant to Local Rule CV-7(d), the court will assume that Plaintiffs have "no opposition" to the motion and proceed accordingly. EASTERN DIST. TEX. R. CV-7(d).

### 1. TEXAS DEBT COLLECTION PRACTICES ACT

Plaintiffs allege that Defendants violated Tex. Fin. Code § 392.301(a)(8) by taking "action prohibited by law," specifically "threatening and effecting a substitute trustee's sale of the Property" with improper notices and misrepresentations regarding the status of the debt. Plaintiffs' TDCPA claim fails to allege sufficient facts to raise a plausible right to relief. *See Twombly*, 550 U.S. 555;

*Iqbal*, 129 S. Ct. at 1949. While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Plaintiffs, without more, merely allege that they were given improper notice of the sale and that Defendants were not the rightful owners of the loan. Plaintiffs provide no factual information regarding when or if they defaulted on their loan, what type of notice was given, or who gave the notice. Plaintiffs have further failed to specify, if a notice was given, what defects it contained. Courts throughout Texas have dismissed similar allegations for failure to state a claim. *See, e.g., Marquez v. Fed. Nat. Mortg. Assoc.*, No. 3:10-cv-02040, 2011 WL 3714623, at *5 (N.D. Tex. Aug. 23, 2011); *Akintunji v. Chase Home Fin., L.L.C.*, No. H-11-389, 2011 WL 2470709, at *3 (S.D. Tex. June 20, 2011). Finally, when requesting damages due to a TDCPA violation, a plaintiff must show that his damages were "sustained *as a result of* a violation of [the TDCPA]." TEX. FIN. CODE Ann. § 392.403(a)(2) (emphasis added). Here, Plaintiffs have not made this assertion, and their claim is not entitled to an "assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Therefore, for the foregoing reasons, the court finds that Plaintiffs have failed to assert sufficient facts to state a plausible claim under the TDCPA.

    **2.**    **TEXAS DECEPTIVE TRADE PRACTICES ACT**

Plaintiffs have not brought a separate cause of action under the DTPA. Rather, Plaintiffs bring the DTPA claim "by incorporation" and sue for "multiple damages under DTPA." Compl. ¶ 6. Because Plaintiffs' TDCPA claim fails as a matter of law, their claim also fails under the DTPA. Further, Plaintiffs do not meet the standing requirement for the DTPA because they have neither pled nor proven they are "consumers" as defined in the DTPA. TEX. BUS. & COM. CODE ANN. § 17.50(a); *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-cv-370, 2010 WL 1026968, at *9 (E.D. Tex. Feb. 16, 2010). To qualify as a consumer under the DTPA, (1) the person must have sought or acquired

goods or services by purchase or lease and (2) the goods or services purchased or leased must form the basis of the complaint. *Id.* at § 17.50(4); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981). Texas courts have consistently held that, in order to qualify as a consumer under the DTPA, the borrower's "objective" must be the purchase or lease of a good or service, and the lending of money does not involve the purchase or lease of a good or service. *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 567 (Tex. 1984); *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980). Here, it is undisputed that Plaintiffs' claims arise out of a loan and do not involve the purchase or lease of a good or service. Therefore, Plaintiffs have failed to state a claim under the DTPA.

### 3. NEGLIGENT MISREPRESENTATION

Plaintiffs allege, in the alternative, that Defendants misrepresented to the Plaintiffs that they owned the loan when they did not, that Defendants "supplied false information" and that "Plaintiffs rel[ied] on the disclosures made." Compl. ¶ 8. Plaintiffs also claim that "Defendants did not exercise reasonable care or competence" in communicating to the Plaintiffs information regarding servicing and enforcing the loan. *Id.* Plaintiffs allege that they relied on these misrepresentations, and such misrepresentations "proximately caused pecuniary losses to the Plaintiffs." *Id.*

Under Texas law, a claimant alleging negligent misrepresentation must show the following:

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

While Plaintiffs allege that Defendants made certain misrepresentations, they do not plead with

specificity *how* Defendants allegedly misled them. Further, even assuming *arguendo* that Defendants did make false representations, Plaintiffs have failed to plead requisite facts to show detrimental reliance on the representations. For example, Plaintiffs "do not allege that they opted not to make loan payments and subjected themselves to potential foreclosure *because* [of the misrepresentations] . . . . [Further], "[t]hey do not allege that they would have done anything differently to alleviate their [] property from jeopardy had they known" the full extent of the disclosures and the complete information regarding the servicing and ownership of the loan. *Biggers v. BAC Home Loan Servicing, LP*, 767 F. Supp. 2d 725, 734 (N.D. Tex. Feb. 10, 2011). Accordingly, Plaintiffs fail to state a plausible claim for negligent misrepresentation.

### 4. WRONGFUL FORECLOSURE

Plaintiffs allege that Defendants wrongfully foreclosed against them, by arguing that the "threatened non-judicial foreclosure" was "wrongful, and would permit Defendants to perpetuate a course of wrongful conduct." Compl. ¶ 12. Plaintiffs assert that Defendants' wrongful conduct includes alleged violations of Texas statutory provisions, including the TDCPA and the DTPA, and violations of common law. *Id*. Plaintiffs also claim that Defendants "lacked the legal standing" to foreclose and were "without the ability to prove ownership and possession of the Note and liens." *Id*. Defendants, however, contend that Plaintiffs' claim fails because it does not satisfy the common law elements of wrongful foreclosure. *See* Dkt. #25, at 5.

To state a claim for wrongful foreclosure under Texas law, a plaintiff must show: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Zoluaga v. BAC Home Loans Servicing, L.P.*, No. 4:11-cv-369, 2011 WL 5600377, at *7 (E.D. Tex. Nov. 16, 2011)

(*quoting Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)). In a claim for wrongful foreclosure, it is not sufficient to merely allege or show a defect in the foreclosure process; a plaintiff must also show an inadequate selling price. *See Farrell v. Hunt*, 714 S.W.2d 298, 299 (Tex. 1986) ("[T]he measure of damages is the difference between the value of the property in question at the date of foreclosure and the remaining balance due on the indebtedness."). Here, Plaintiffs have alleged defects in the foreclosure sale, but have alleged no facts illustrating a "grossly inadequate selling price." Therefore, Plaintiffs have failed to state a claim for wrongful foreclosure.

### 5. VOID DEED

Alternatively, Plaintiffs contend that the "substitute trustee's deed executed pursuant to a substitute trustee's sale . . . would be void because, among other things, Defendants violated the notice requirements of Chapter 51 of the Texas Property Code, and lacked capacity or standing to notice and conduct such sale." Compl. ¶ 13. These conclusory allegations fail to allege sufficient facts to support a claim for void deed, as Plaintiffs neither direct the court to specific deed provisions nor cite supporting authority. *See Marquez*, 2011 WL 3714623, at *7. Without further factual allegations, Plaintiffs' statement does not provide Defendants with fair and adequate notice of the claims against them, and does not meet the *Twombly* standard, which requires "more than labels and conclusions." *Twombly*, 550 U.S. at 555. The court will not "assume the veracity" of bare allegations that do not rise to the standard of a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1950. Accordingly, Plaintiffs fails to state a claim for void deed.

### 6. DAMAGES AND INJUNCTIVE RELIEF

To prevail on a request for injunctive relief, Plaintiffs must show "a substantial likelihood

of success on the merits." *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). Because Plaintiffs have failed to allege sufficient facts to support their claims, the court finds that Plaintiffs are not entitled to injunctive relief.

### III. CONCLUSION

After reviewing Defendants' motion and the applicable law, and considering the fact that Plaintiffs have failed to respond to the motion, the court concludes that Defendants' Motion for Judgment on the Pleadings (Dkt. #25) is hereby **GRANTED**. Consequently, Defendants' Motion to Compel (Dkt. #26) and Motion for Summary Judgment (Dkt. #27) are **DENIED AS MOOT**. Accordingly, all of Plaintiffs' claims in this case are **DISMISSED**.

IT IS SO ORDERED.

**SIGNED this the 2nd day of February, 2012.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE